IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| WESTPORT PROPERTY INVESTMENTS, LLC<br>PLAINTIFF,<br><br>v.<br><br>PATRICK TURNER, ET AL., INC.,<br>DEFENDANTS. | CIVIL ACTION NO. 1:14-CV-557 JFM |

**MOTION FOR LEAVE TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND TO DENY MOTION TO TREAT MOTIONS FOR SUMMARY JUDGMENT AS CONCEDED**

Now come the Defendants, Patrick Turner and Neil J. Ruther, by their undersigned counsel pursuant to *Fed. Rule Civ. Pro.* 6 (b)(1)(B) move for leave to file a late response to the Motion for Summary Judgment and to deny the motion filed by Plaintiff Westport Property Investments, LLC, ("Westport") to treat the motion for summary judgment as conceded. In support thereof, the Defendants say as follows:

1. Citigroup Global Markets Realty Corp., ("Citi") commenced this civil action on February 25, 2014, and sought entry of judgment against the Defendants, jointly and severally, for their failure to pay amounts allegedly due and owing to Citi pursuant to a Guaranty (the "Guaranty").

2. The Guaranty was executed and delivered in connection with a loan by Citi in the original principal amount of $30 million (the "Loan"), which Loan is evidenced by, among other things, a Promissory Note in the original principal amount of $30 million, a Loan Agreement dated July 16, 2007, and an IDOT Guaranty dated July 16, 2007. The Loan is secured by, among other things, a first priority lien against property owned by Inner Harbor West, LLC, and Inner Harbor

West II, LLC, located in the Westport area of Baltimore, Maryland pursuant to an Indemnity Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of July 16, 2007, and recorded in the Land Records of Baltimore City (the "IDOT"). The Promissory Note, the Loan Agreement, the IDOT Guaranty, the IDOT, the Guaranty and all other documents evidencing the Loan are collectively referred to herein as the "Loan Documents."

3. On July 2, 2014, Citi transferred all of its right, title and interest in the Loan and the Loan Documents, including, without limitation all rights, claims, and causes of action against the Defendants pursuant to the Guaranty, to Westport. On July 17, 2014, Westport moved to substitute itself as a party for Citi in this matter. That motion was granted on July 30, 2014.

4. On April 25, 2014, the Defendants filed a Motion to Dismiss Citi's Complaint. Citi (now Westport) filed a response to that Motion on May 5, 2014.

5. On May 22, 2014, Citi filed Motions for Summary Judgment against both of the Defendants. Those motions essentially restated Citi's (now Westport's) position with respect to the Defendant's Motion to Dismiss.

6. This Court previously approved an extension of time within which Defendants could respond to the Plaintiff's Motion for Summary Judgment until September 29, 2014. (Documents 21 and 22.)

7. In the Joint Motion for the extension it was represented that the parties anticipated engaging in discussions leading to an alternative resolution of this dispute. Additionally, the Court was also informed that one of the Defendants, Patrick Turner, who was the managing member of the debtor, was seriously ill and was hospitalized.

C:\Documents and Settings\Stuart Levine\My Documents\Mirror\Holding Q-Z\Q-R,R\Ruther\Citicorp Global\Drafts\2014_10_05_motion_deny_etc_dr1.wpd
Date created: October 5, 2014 (4:25 pm)

- 2 -

8. Inner Harbor West, LLC, and Inner Harbor West II, LLC, have both filed for bankruptcy protection in the Bankruptcy Court for the District of Maryland. ***See In Re: Inner Harbor West, LLC, In the United States Bankruptcy Court for the District of Maryland (Baltimore Division), Bankruptcy Case Number 13-12198 and In Re: Inner Harbor West II, LLC, In the United States Bankruptcy Court  for the District of Maryland (Baltimore Division), Bankruptcy Case Number 14-14388(the "Related Bankruptcy Cases").*** Jeffrey M. Sirody, Esquire, is representing Inner Harbor West, LLC in its bankruptcy proceeding, while Inner Harbor West II, LLC filed *pro se*.

9. There are various hotly contested matters in the Inner Harbor West, LLC, bankruptcy proceeding such as a motion to lift stay and a motion to convert or dismiss the bankruptcy proceeding (collectively the "Contested Bankruptcy Matters"). In essence, the Contested Bankruptcy Matters pit Westport, represented by the same counsel as in this case, on one side, and Inner Harbor West, LLC, represented by Mr. Sirody, on the other. Mr. Sirody is being assisted by Kenneth B. Frank, Esquire. The Contested Bankruptcy Matters , if determined in favor of Inner Harbor West, LLC, will either absolve the Defendants in this action from any liability or radically reduce their liability.

10. On September 5, 2014, Westport took the lead in filing a consent motion in the Inner Harbor West, LLC, proceeding to continue the hearing previously scheduled on the  the Contested Bankruptcy Matters. ***See Exhibit A, attached.*** That motion was granted by the Bankruptcy Court. ***See Exhibit B, attached.***

C:\Documents and Settings\Stuart Levine\My Documents\Mirror\Holding Q-Z\Q-R\R\Ruther\Citicorp Global\Drafts\2014_10_05_motion_deny_etc_dr1.wpd
Date created:        October 5, 2014 (4:25 pm)

- 3 -

11.     Mr. Sirody and Mr. Frank have taken the lead on behalf of the various debtor parties and the Defendants in this case in attempting to negotiate a resolution of the Contested Bankruptcy Matters

12.     Notwithstanding the representations in the Joint Motion filed in t his case, there have been virtually no discussions of alternative resolution of the dispute as Westport's counsel has refused to even return the telephone calls from Mr. Frank  following just one discussion. Moreover, Inner Harbor West, LLC, has asserted that counsel for Westport have a serious conflict of interest in that members of their law firm previously represented Inner Harbor West, LLC in connection with the financing of the project for which the loan in question was made.

13.     Throughout this process, Mr. Turner remained, and remains today, seriously ill and has been hospitalized several more times since the last motion for extension.  He is taking debilitating pain medications.  As a result he has been effectively unable to participate in assisting counsel in the defense of this claim.

14.     The filing of the responses to the Motion for Summary Judgment can be accomplished  within forty eight (48) hours of the granting of leave to respond and will set forth, in addition to the defenses articulated in the previously filed motion to dismiss, defenses that more clearly tie this case to the Contested Bankruptcy Matters.

15.     No prejudice will result to Westport as a result of granting the requested relief. In contrast, the Defendants may suffer extreme prejudice if this motion is not granted, since the Court may have no alternative to grant a judgment of over Thirty Million Dollars ($30,000,000.00) against them.

16. This Court has not yet ruled on the Motions to Dismiss filed by the Defendants. These motions raise similar issues to those raised in Westport's summary judgment motion. At set forth in detail in the Motions to Dismiss, the Defendants have meritorious defenses to the claims.

17. Granting the Motion for Leave to File Response is within the sound discretion of this Court. That discretion ought to be exercised in favor of granting the motion because a grant of that motion will not unduly prejudice Westport while a denial of this motion would unduly prejudice the Defendants who, as previous filings in this case show, have meritorious defenses to Westport's claims.

18. For the foregoing reasons there exists just cause to grant leave to file the response to Westport's motion for summary judgment and to and to deny Wesport's Motion to treat motions for summary judgment as conceded.

**WHEREFORE**, for the foregoing reasons, this Court should:

A. Deny Wesport's Motion to Treat Motions for Summary Judgment as Conceded;

B. Grant the Defendants leave to file a response within forty eight hours of the granting of this Motion to Citi's (now Westport's) Motion for Summary Judgment; and

C. For such other and further relief as the nature of the Defendants' cause may require.

Dated: October 5, 2014         _/s/ Stuart Levine_____
                               Stuart Levine, Fed. Bar. No. 02240
                               Law Offices of Stuart Levine, LLC
                               29 West Susquehanna Avenue
                               Baltimore, Maryland 21204
                               Telephone:    410.630.4422
                               Telecopier:   443.927.7075
                               sltax@taxation-business.com
                               ***Attorney for Defendants Patrick Turner and Neil J. Ruther***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of October, 2014, a copy of the foregoing Motion and proposed order were served via first class mail and/or this Court's ECF system upon:

Timothy F. McCormack, Esquire
and
Matthew G. Summers, Esquire
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202

*Attorneys for Plaintiff Westport Property Investments, LLC*

                                                                        /s/ Stuart Levine_____
                                                                        Stuart Levine, Fed. Bar. No. 02240